IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MONTE SCOTT**, a resident of the State of Oregon,

      Plaintiff,

  v.

**AMERICAN UNITED LIFE INSURANCE COMPANY**, an Indiana corporation,

      Defendant.

Civil No. 05-1215-AS

**OPINION AND ORDER**

ASHMANSKAS, Magistrate Judge:

  The matter presently before the court is the motion of Defendant American United Life Insurance Company ("American"), to strike Plaintiff Monte Scott's First Cause of Action (Failure to Pay Minimum Wage, 29 U.S.C. § 206) and Second Cause of Action (Failure to Pay Minimum Wage, ORS 653.025). In the alternative, American requests the court to order Mr. Scott to make these claims more definite and certain. For the reasons set forth below, the court DENIES the defendant's motion to strike the plaintiff's first two causes of action, and DENIES the defendant's request to order the plaintiff to make these claims more definite and certain.

## BACKGROUND

  Mr. Scott was employed by American from April until November 2003. Mr. Scott's

Page - 1 - OPINION AND ORDER

complaint alleges that American never paid Mr. Scott for work he performed from October 16, 2003, through November 13, 2003. The complaint alleges three causes of action against American: (1) failure to pay wages in violation of the Fair Labor Standards Act (29 U.S.C. § 206); (2) failure to pay wages in violation of ORS 653.025; and (3) failure to pay wages upon termination (ORS 652.150).

## LEGAL STANDARDS

**Motion to Strike**

Under F.R.C.P. 12(f), the court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See also Lazar v. Trans Union LLC, 195 F.R.D. 665 (2000).

**Motion to Make More Definite**

Under F.R.C.P. 12(e), when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement. A motion to make more definite is only appropriate when the complaint is "so indefinite that the defendant cannot ascertain the nature of the claim asserted." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Ca. 1999).

## DISCUSSION

Mr. Scott's complaint alleges that American "never paid Scott the wages he earned, including commissions, and accrued vacation." The complaint alleges violations of the Fair Labor and Standards Act (FLSA) and ORS 653.025. The FLSA requires every employer to pay each of its employees "who in any workweek engaged in commerce or in the production of goods for commerce" a minimum wage of $5.15 per hour. 29 U.S.C. § 206(a)(1). Under Oregon law, an employer is required to pay an employee for each hour of work time that the employee was gainfully employed at wages computed at a rate no lower than $6.90 an hour. ORS 653.025. American's motion to strike argues that alleging failure to pay a final paycheck is not sufficient to raise minimum wage claims under the FLSA and ORS 653.025. American alternatively requests that these claims be made more definite and certain.

Page - 2 - OPINION AND ORDER

1    American relies on Hurger v. Hyatt Lake Resort, Inc., to support its motion to strike. 170
2 Or. App. 320, 13 Pd.2d 123 (2000), rev. den. 331 Or. 583, 19 P.3d 355 (2001). In Hurger, the
3 defendant had paid the plaintiff wages that satisfied ORS 653.025 within two weeks of the plaintiff's
4 termination. Id. at 326. The court did not agree with the plaintiff's contention that a payment that
5 is late for the purposes of ORS 652.140 (requiring full payment on the date of termination) is also
6 necessarily deficient for the purposes of the State minimum wage law. Id. American argues that
7 this reasoning applies to Mr. Scott's Federal and Oregon minimum wage claims and, therefore, Mr.
8 Scott's claims should be stricken for attempting to create three remedies for the same alleged wrong
9 through insufficient reasoning and redundancy. Lazar v. Trans Union LLC, 195 F.R.D. 665, 669
10 (2000).

11    However, in Pascoe v. Mentor Graphics Corp., Magistrate Judge Stewart applied Hurger and
12 found that the defendant violated the FLSA and Oregon minimum wage provisions by not paying
13 the plaintiff on his regular payday, even though the plaintiff eventually received payment of wages
14 that exceeded the minimum wage. 199 F.Supp.2d 1034 (D. Or. 2001). Pascoe applied the reasoning
15 used by the Ninth Circuit in Biggs v. Wilson, 1 F.3d 1537 (9th Cir. 1993), cert denied, 510 U.S.
16 1081, 114 S.Ct. 902, 127 L.Ed.2d 94 (1994), which Hurger did not address. 199 F.Supp.2d at 1061-
17 1062. Biggs held that wages are considered unpaid, and a minimum wage not received under the
18 FLSA, if wages are not paid on the employee's regular payday. 1 F.3d at 1539-1540. The court in
19 Hurger found it unnecessary to address Biggs since the court's decision "would be adverse to
20 plaintiffs even if we found Biggs to be apposite and its holding correct" given that the plaintiffs
21 made no contention that they were not paid by their regular payday. 170 Or. App. at 328. In Pascoe,
22 the court found that Hurger limited its holding to the situation where the employee's minimum wage
23 claim is premised solely on a violation of ORS 652.140, and differentiated it from a situation in
24 which a plaintiff is not paid by his regular payday. 199 F.Supp 2d. at 1063. Therefore, Pascoe
25 concluded that the FLSA and Oregon minimum wage provisions are violated if the minimum wage
26 is not paid by the employee's next regular payday. Id. at 1062.

27    In the interest of consistency, this court will defer to the interpretation of Hurger set forth

Page - 3 - OPINION AND ORDER

by Judge Stewart in <u>Pascoe</u>. This interpretation does not support the defendant's motion to strike based on alleged redundancy of claims. Moreover, these claims are not so vague as to prevent the defendant from ascertaining their nature; therefore, it would not be proper for this court to grant the defendant's request to make the plaintiff's claims more definite and certain.

## Conclusion

The defendant's motion to strike (#5) is DENIED. The defendant's alternative request that the court grant its motion to make the plaintiff's claims more definite and certain is also DENIED.

DATED this 19th day of October, 2005.

                                              /s/ Donald C. Ashmanskas
                                              DONALD C. ASHMANSKAS
                                              United States Magistrate Judge