**Michael B. Merchant**
OSB No. 88268
mbm@bhlaw.com
**Kelly R. Tilden**
OSB No. 01431
krt@bhlaw.com
BLACK HELTERLINE LLP
1900 Fox Tower
805 S.W. Broadway
Portland, OR 97205-3359
Telephone: (503) 224-5560
Fax: (503) 224-6148
Attorneys for Plaintiff Monte Scott

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MONTE SCOTT, a resident of the State of Oregon,<br><br>               Plaintiff,<br><br>     v.<br><br>**AMERICAN UNITED LIFE INSURANCE COMPANY**, an Indiana corporation,<br><br>               Defendant. | **Case No. 051215 AS**<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY FEES** |

The undersigned attorney represents to the Court, under penalties of perjury, that the following facts offered in support of an award of reasonable and necessary attorney fees, costs, and disbursements are true:

      1. Plaintiff Monte Scott ("Scott") is entitled to recover attorney fees pursuant to ORS 652.200. Scott prevailed on his claim for failure to pay upon termination against American United Life Insurance Company ("AUL"). *Monte Scott v. American United Life Insurance Company*, CV No. 05-1215-AS Findings of Fact and Conclusions of Law.

**Page 1 - PLAINTIFF'S MOTION FOR ATTORNEY FEES**

2. The Court held that Scott is entitled to reasonable attorney fees as provided by ORS 652.200 in its Conclusions of Law.

3. The number of hours and services rendered in this matter are set forth in detail on Black Helterline LLP's Client Bill for Monte Scott. Declaration of Kelly R. Tilden ("Tilden Decl."), ¶2, Ex. 1. The bill identifies each task performed, the lawyer performing the task, and the time spent, and is sufficient for the Court to make a determination of the reasonableness of the fee.

| **Partners** | Rate | Hours | Fees |
|---|---|---|---|
| Michael B. Merchant | 215.00 | 1.3 | $279.50 |
| | 220.00 | 6.5 | $1,430.00 |
| | 225.00 | 8.40 | $1,890.00 |
| | 240.00 | 50.75 | $12,180.00 |
| | 250 | 3.45 | $862.50 |
| James M. Baumgartner | 240.00 | 3.10 | $744.00 |
| **Associates** | **Rate** | **Hours** | **Fees** |
| Kelly R. Tilden | 145.00 | 15.40 | $2,233.00 |
| | 150.00 | 66.40 | $9,960.00 |
| | 160.00 | 6.6 | $1,056.00 |
| | 165.00 | 216.00 | $35,640.00 |
| | 175.00 | 21.40 | $3,745 |
| Brooke B. Willcox-Jones | 180.00 | 1.20 | $216.00 |
| **Law Clerk** | **Rate** | **Hours** | **Fees** |
| Naomi Adams | 130.00 | 12.75 | $1,657.50 |

Total Hours: 413.25        Total Fees    $71,233.50

4. Under ORS 20.075, the Court should consider the factors checked below in determining a reasonable attorney fee award in a case in which an award of attorney fees is authorized by statute:

Page 2 - PLAINTIFF'S MOTION FOR ATTORNEY FEES

   __X__ The conduct of the parties that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

   __X__ The objective reasonableness of the claims and defenses asserted by the parties.

   __X__ The extent to which an award of attorney fees in the case would deter others from asserting good faith claims or defenses in similar cases.

   __X__ The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

   ____ The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

   ____ The amount that the Court has awarded as a prevailing party fee.

   __X__ Time and labor required, the novelty and difficulty of the questions involved in the proceeding, and the skill needed to properly perform the legal services.

   __X__ The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude other employment by the lawyer.

   __X__ The fee customarily charged in the locality for similar legal services.

   __X__ The amount involved in the controversy and the results obtained.

   ____ The time limitations imposed by the client or the circumstances of the case.

   ____ The nature and length of the attorney's professional relationship with the client.

   __X__ The experience, reputation and ability of the attorney performing the services.

   ____ Whether the fee is fixed or contingent.

**1. Conduct giving rise to the litigation.**

This lawsuit was filed in response to AUL's refusal to pay Scott his wages after he gave notice of his resignation. After Scott gave notice of his resignation, AUL notified him

**Page 3 - PLAINTIFF'S MOTION FOR ATTORNEY FEES**

H:\Client\5001 - 7500\5808-2\Pldgs\motion for attorney fees.doc

that it was suspending payment of any compensation due to Scott on the following pay days: November 5 and November 20, 2003. AUL also instructed Pioneer Mutual Life Insurance Co. ("PML") to do the same. AUL advised Scott that it had overpaid him and needed to investigate. AUL never paid Scott his earned wages for this time period and has continued to withhold commissions to date. AUL had no legal right to withhold payment. Its decision to do so was intentional and contrary to law.

AUL knew this no later than November 26, 2003, when Scott's attorney made written demand for payment of all compensation due to Scott. Under ORS 652.140, AUL had 12 days to make payment to limit the amount of penalties owing to Scott. AUL failed to do so. On December 16, 2003, AUL's attorney offered to apply the compensation against the amounts overpaid by AUL.

In a knowing and direct violation of Oregon law, AUL did not pay Scott and refused to pay Scott after Scott made written demand which advised AUL of the consequence of being liable under ORS 652.140 *et seq.* for, not only penalty wages, but also attorney fees. Back in late 2003, AUL could have paid Scott his final wages and not incurred the cost of this litigation, not to mention the attorney fees requested in this motion. Instead, AUL made a tactical decision deny payment in an effort to make Scott pay back an overpayment only disclosed to him after his termination.

**2. The deterrent effect of a fee award.**

Employees are subject to economic abuse by employers. Wage and hour laws have both penalty provisions and employee recoverable attorney fees to protect employees from unscrupulous or careless employers who fail to compensate their employees although they are fully aware of their obligation to do so. *State ex rel. Nilsen v. Johnston,* 233 Or. 103, 108, 377 P 2d 331 (1962). The legislature clearly intended there to be a strong deterrent to employer misconduct. Accordingly, a prevailing employee should recover all the fees incurred; otherwise the deterrent effect is lost due to the usual unequal bargaining power between employers and employees. *State ex rel. Nilsen,* 233 Or at 102.

Page 4 - PLAINTIFF'S MOTION FOR ATTORNEY FEES

### 3. The objective reasonableness of the claims and defenses asserted by the parties.

After AUL refused to pay Scott his final wages and threatened to pursue their claims of overpayment of $34,926.31 (an inflated amount) and the Great Northwest debt, Scott had no choice but to file this lawsuit. Scott's claim for failure to pay upon termination and both of his minimum wage claims were objectively reasonable. In *Pascoe v. Mentor Graphics Corp.*, Judge Stewart held that an employee could recover under FLSA and Oregon's minimum wage law, when an employer did not pay final wages for two months after employee's termination. 199 F. Supp 2d 1034, 1061 (D. Or 2001). The holding in *Pascoe v. Mentor Graphics* supports the reasonableness of Scott's minimum wage claims under FLSA and ORS 653.055. 199 F. Supp 2d at 1061. AUL alleged several defenses to this claim, knowing that there is no defense to the failure to pay upon termination claim under ORS 652.140. This was not objectively reasonable.

### 4. The objective reasonableness of the parties and efforts to settle.

Immediately after filing his complaint, Scott made efforts to settle this dispute. Throughout the litigation, Scott continued to attempt to settle this case. In fact, just prior to the trial, Scott offered to settle by having the parties agree to "walk away" from all claims and have Scott's attorney submit his attorney fees and costs to the Court to determine the reasonable attorney fees that AUL would pay and that AUL would pay the higher of either the reasonable attorney fees as determined by the Court or $20,000 in attorney fees. Tilden Decl., ¶4, Ex. 2. At that time, Scott's attorney fees were significantly less than they are post-trial. AUL rejected this offer. As a result, Scott had to proceed to trial and was awarded $46,482.55 in damages, plus a reasonable attorney fee.

### 5. Time and labor required: novelty and difficulty.

From the outset of this case through two days of trial and post-trial months, Scott's attorneys spent 410.28 hours on this matter. Kelly R. Tilden was primarily responsible for working up the case due to her practice focus on employment law and to limit costs for Scott.

**Page 5 - PLAINTIFF'S MOTION FOR ATTORNEY FEES**

While Scott's three claims were straightforward, he had to defend against a number of affirmative defenses, including set-off and counterclaims arising out of an agreement between Great Northwest and PML. The set-off claims were pursued through trial. Furthermore, Scott agreed to conserve costs whenever possible by agreeing to telephone depositions of AUL's primary witnesses who reside in the Midwest. The time records in Black Helterline LLP's Client Bill for Monte Scott reflect the time expended recorded in .1 of an hour increments. Tilden Decl., ¶2, Ex. 1. Scott's attorneys exercised their judgment when they recorded the contemporaneous billing entries. All time recorded was reasonably and necessarily spent.

**6. Fee customarily charged in the locality for similar legal services.**

The best evidence of the attorney fees customarily charged in Portland, Oregon is the Oregon State Bar 2002 Economic Survey. *Roberts v. Interstate Distributor Co.* 242 F. Supp 2d 850, 857 (D. Or. 2002). The majority of work in the case, 325.8 hours out of 413.25 hours total, was performed by Kelly R. Tilden, a sixth year employment litigation associate at Black Helterline LLP. Throughout the three plus years of litigation, Ms. Tilden's rates were $145, $150, $160, $165, and $175, adjusted in accord with the firm's regular increases. The majority of Ms. Tilden's work was billed at $165 per hour during the month of trial preparation and the trial, June 2006 through August 2006. Ms. Tilden's hourly rate is consistent with the fees customarily charged in the Portland area for an attorney with her experience based on the Oregon State Bar 2002 Economic Survey. According to the Oregon State Bar 2002 Economic Survey, the average hourly billing rate for an attorney with 4-6 years experience in the Portland Metro Area is $165. Tilden Decl., ¶5, Ex. 3. In fact, Ms. Tilden's rate is below the average hourly billing rate for a Civil Litigator (Plaintiff) of $186.

Michael B. Merchant, the Chair of Black Helterline LLP's Litigation Practice Group, also represented Scott. Due to the nature of this claim, the relationship with the client and the amount in controversy, Mr. Merchant handled this matter at discounted hourly rates. Mr. Merchant's hourly billing rate started at $215 per hour in 2003 and increased consistent with the

**Page 6 - PLAINTIFF'S MOTION FOR ATTORNEY FEES**

firm's regular increases over the three plus years of litigation to $250. The majority of his work was billed at the hourly rate of $240 per hour. As an attorney with over 19 years experience, Mr. Merchant's hourly billing rates of $215 per hour to $250 per hour are reasonable. According to the Oregon State Bar 2002 Economic Survey, the range of rates for attorneys with 16-20 years' experience was between $175 and $298 per hour. Mr. Merchant's rates of $215 per hour in 2003 and rates of $225-$250 in 2004-2007 are within that range. Tilden Decl., ¶5, Ex. 3. This Court recently determined in *MegaVail, Inc. et al. v. Illinois Union Ins. Co.*, Case No. 05-1374-AS that Mr. Merchant's rates of $250 to $260 per hour for that case were reasonable.

The website biographies for all attorneys who represented Scott are provided for the Court's review of their experience and education. Tilden Decl., ¶6, Ex. 4.

### 7. Amounts involved at controversy and the amounts rewarded.

The Court has awarded Scott the following damages: (1) Unpaid compensation: $8,363.66; and (2) Unpaid commissions earned under the Managing General Agreement ("MGA") since October 28, 2003: $6,262.65. Since the date of trial, Scott earned an additional $1,986.31 according to AUL. Tilden Decl., ¶7, Ex. 5. The total award for unpaid compensation and commissions is $16,612.62. In addition, the Court awarded penalty wages in the amount of $29,869.96. The total award is $46,482.58.

The attorney fees incurred by Scott total $71,233.50. The majority of these fees were incurred in preparation for and during the trial. From June, 1, 2006 through August 4, 2006, Scott incurred $71,233.50 (413.25 hours) in fees. These fees relate to the work performed by his attorneys to prepare and file pretrial pleadings, prepare for and attend trial, and respond to the Court's request for additional post trial information. Proceeding to trial was necessary due to AUL's refusal to first comply with Oregon's final pay statute, ORS 652.140, and then its refusal to acknowledge that Scott would prevail and obtain $46,482.58 in damages and attorney fees.

Plaintiff anticipates that AUL will argue that Scott only prevailed on his first wage claim and that the attorney fees awarded should be pro-rated as a result. However, Scott's claims for failure to pay minimum wage under the Fair Labor Standards Act and Oregon law

Page 7 - PLAINTIFF'S MOTION FOR ATTORNEY FEES

arise out of the same exact facts that give rise to the failure to pay upon termination. The two minimum wage claims raised by Scott are closely related to his prevailing claim because they are based on the same "course of conduct." *Webb v. Sloan*, 330 F 3d 1158, 1169 (9th Cir. 2003). The same discovery, exhibits, and witnesses were needed to not only litigate all three claims, but to defeat AUL's affirmative defense of Set Off against Scott's claim for failure to pay upon termination. Because the time cannot be segregated and the claims were tried together, the fees should not be discounted.

DATED this 10th day of October, 2007.

BLACK HELTERLINE LLP

By: _____
Michael B. Merchant, OSB No. 88268
Kelly R. Tilden, OSB No. 01431
(503) 224-5560
Of Attorneys for Plaintiff

Page 8 - PLAINTIFF'S MOTION FOR ATTORNEY FEES

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing

**PLAINTIFF'S MOTION FOR ATTORNEY FEES** upon:

    William H. Replogle, Esq.
    Radler Bohy Replogle Miller LLP
    9445 S.W. Locust Street
    Portland, OR 97223-6634
    Fax: (503) 892-9002

    [X] by mailing a true copy thereof in a sealed, first-class postage prepaid envelope, addressed to said attorneys' addresses as shown above and deposited in the United States Mail at Portland, Oregon on the date set forth below.

    [ ] by causing a true copy thereof to be hand-delivered to said attorneys' addresses as shown above on the date set forth below.

    [ ] by sending a true copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said attorneys' addresses as shown above on the date set forth below.

    [ ] by faxing a true copy thereof to said attorneys' facsimile numbers as shown above on the date set forth below.

DATED this 10th day of October, 2007.

    BLACK HELTERLINE LLP

    By: _____
    Michael B. Merchant, OSB No. 88268
    Kelly R. Tilden, OSB No. 01431
    (503) 224-5560
    Of Attorneys for Plaintiff