IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MONTE SCOTT, a resident of the State
of Oregon,

              Plaintiff,

    v.

AMERICAN UNITED LIFE
INSURANCE COMPANY, an Indiana
corporation,

              Defendant.

CV. 05-1215-AS

OPINION AND
ORDER

Plaintiff Monte Scott ("Plaintiff") moved for attorney fees as authorized by ORS 652.200 for his successful claim against Defendant American United Limited Insurance Company ("Defendant") for failure to pay wages upon Plaintiff's termination, pursuant to ORS 652.140. In its judgment, the court ordered payment of attorney fees to Plaintiff on this claim and now awards fees in the amount of $30,000.

The reasonableness of attorney fees is evaluated using the factors set forth in ORS 20.075.

Factors of particular relevance in this case are as follows. First, the court considered the objective reasonableness of the claims and defenses asserted by the parties. ORS 20.075(b). Plaintiff cited <u>Pascoe v. Mentor Graphics Corp.</u>, 199 F. Supp. 2d. 1034 (D.Or. 2001) from this district for the proposition that under the circumstances a minimum wage claim was reasonable. <u>Pascoe</u> indeed supports the proposition that an employee who is typically paid more than the minimum wage can assert a federal or state minimum wage claim where wages are unpaid. In addition, <u>Pascoe</u> acknowledges the potential for recovery of a double penalty for failure to pay termination wages and minimum wages. Therefore, Plaintiff was not objectively unreasonable in asserting a claim for failure to pay the minimum wage against his former employer.

The court also considered "the amount involved in the controversy and the results obtained." ORS 20.075(2)(d). Here, the judgment resulted in both parties owing the other on different claims, with Defendant receiving a net recovery of $4,863.89. This weighs in Defendant's favor. That Defendant recovered damages more than equal to those of Plaintiff illustrates that the dispute between the parties was not a result of Defendant's unilateral action to deprive Plaintiff of his wages. This lessens the burden Defendant must bear for attorney fees arising from the resulting litigation.

Defendant requested apportionment of the attorney fees based on the number of claims for which claimant was the prevailing party, relative to the total claims in the case. Apportionment of attorney fee awards for wage claims is governed by ORS 20.077. This statute directs the court to identify the "prevailing party" for each claim "for which an award of attorney fees is either authorized or required." The court must then "decide the amount of the award" for each claim. ORS 20.077. The Oregon Court of Appeals has held that "under ORS 20.077, the 'prevailing party' is to be determined on a 'claim-by-claim' basis." <u>Robert Camel Contracting, Inc. v. Krautscheid</u>, 134 Or. App. 498, 504 (2005). Here, Plaintiff was successful on only one of five claims. However, as

Plaintiff argued, much of the time spent in preparation for the successful termination wage claim was also attributable to the two minimum wage claims.  The court recognized that these claims are closely related and should not be treated as wholly separate for purposes of apportionment.  For this reason, the court found it unfair to award attorney fees for the equivalent of only one of five claims.  Instead, the court awards fees equivalent to two claims in recognition of the related nature of Plaintiff's state and federal minimum wage claims.

Based on the factors set forth above, the court awards Plaintiff $30,000 in attorney fees.

## **CONCLUSION**

For the reasons stated, Plaintiff's motion for attorney fees [64] is GRANTED in part.

DATED this 9th day of January, 2008.

        /s/ Donald C. Ashmanskas  
    DONALD C. ASHMANSKAS  
    United States Magistrate Judge